(84 Misc. Rep. 44)

### LOCOMOBILE CO. OF AMERICA v. NICHOLS.

(Supreme Court, Appellate Term, First Department.  February 13, 1914.)

1. INSURANCE (§ 84*)—AGENCY FOR INSURER—COMPENSATION—RETENTION OF FUNDS OF INSURED—RIGHT TO RELIEF.

An insurance company having insured certain automobiles belonging to plaintiff while in transit which were destroyed while in the carrier's hands, plaintiff agreed that, in consideration of an advancement by the insurance company of $2,139 as a loan, to be repaid as recovery might be effected from the carrier, plaintiff would file a claim against the carrier and refund to the insurance company whatever was recovered up to the amount of the loan; the latter being responsible for all costs, attorney's fees, expenses, etc. The insurance company employed defendant to collect the claim, and he collected $4,087.14, paying the insurance company $2,139, retaining $533.40 for his own services, and returning to plaintiff $1,219.93. *Held*, that defendant, having retained the amount for his services without right as against plaintiff, and as the money in his hands belonged to plaintiff, it was entitled to recover the same in an action for money received.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 111–114; Dec. Dig. § 84.*]

2. INSURANCE (§ 84*)—EMPLOYMENT—RIGHT TO COMPENSATION—PERSONS LIABLE.

Where an insurance company, having insured certain automobiles, destroyed while in the possession of a carrier, advanced $2,139 to plaintiff pursuant to the policy and employed defendant to prosecute a claim against the carrier in which defendant was successful, his claim for compensation for his services was against the insurance company and not against plaintiff.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 111–114; Dec. Dig. § 84.*]

Appeal from City Court of New York, Trial Term.

Action by the Locomobile Company of America against Edwin Nichols. From a judgment of the City Court dismissing the complaint at the close of plaintiff's case, it appeals. Reversed, and new trial granted.

See, also, 140 N. Y. Supp. 1041.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Niles & Johnson, of New York City (William W. Niles, of New York City, of counsel), for appellant.

Tipple & Plitt, of New York City (Arthur W. Clement and Wilson E. Tipple, both of New York City, of counsel), for respondent.

BIJUR, J. It appears that plaintiff was the owner of two automobiles which were destroyed by an accident on the International & Great Northern Railroad Company in 1908. Prior thereto the Columbia Insurance Company had insured plaintiff against loss or injury to said automobiles. After the accident the plaintiff and the insurance company entered into an agreement expressed in a letter of the plaintiff to the insurance company reading as follows:

"Dear Sirs: In consideration of your advancing to us the sum of twenty-one hundred thirty-nine and 00/100 dollars $2,139.00 as a loan to be repaid without interest as recovery may be effected from the carriers in respect of the undernoted merchandise, we hereby agree to put forward a claim against the carriers and/or bailees of the said merchandise in whose hands the same received damage and upon receiving payment from them we hereby undertake to refund you whatever is recovered up to the amount of this loan $2,139.00. All over this amount to be retained by us. It is further understood and agreed that you are to be responsible for all costs, attorney's fees and expenses incurred in connection with the claim.

"Yours faithfully,        The Locomobile Company of America,
Treasurer.

"Description of goods referred to above: 2 Autos in wreck of Int'l & Gt. Northern R. R."

Thereupon the insurance company employed the defendant to collect plaintiff's claim against the railroad company, which he succeeded in doing, receiving therefor the check of the railroad company for $3,553 and interest amounting in all to $4,087.14. Defendant undertook to distribute this amount according to his own interpretation of the letter above quoted, paying the insurance company $2,139, plaintiff $1,219.93, and retaining for his own services $533.40. Against this plaintiff protested and has brought this action to recover the balance claimed to be due to it. Substantially the controversy centers about the right of the defendant to retain as against the plaintiff any compensation for his services.

[1, 2] It was urged below, and apparently the learned trial court was of opinion, that, upon the facts disclosed, plaintiff could not maintain an action as for money had and received. In this I think the learned court was in error. The agreement between the plaintiff and the insurance company was in substance that, for purposes which we need not examine, plaintiff agreed to prosecute its claim against the railroad company for the damages suffered. Defendant was employed by the insurance company and not by the plaintiff, and, as the evidence discloses, was thoroughly aware of the fact that the claim was plaintiff's claim and that the moneys to be recovered were the moneys of the plaintiff. As these moneys are in his possession, plaintiff is, of course, entitled to recover them from him. The dismissal of the complaint was therefore erroneous. The question whether defendant is entitled to retain any compensation for his services as against plaintiff was not

directly decided, because of the dismissal of the complaint. It is quite evident, however, that defendant's claim for compensation must be directed to the one who employed him.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.